FILED
United States Court of Appeals
Tenth Circuit

April 4, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JERRY DEAN GONZALES,

Defendant-Appellant.

No. 12-6103
(D.C. No. 5:11-CR-00213-HE-1)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **LUCERO**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**MATHESON**, Circuit Judge.

---

Jerry Dean Gonzales was convicted of possession of a firearm after a felony

conviction in violation of 18 U.S.C. § 922(g)(1). On appeal, he challenges the

district court's decision to deny his motion to suppress evidence obtained during a

traffic stop. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

The evidence presented at the suppression hearing, viewed in the light most favorable to the government, *see United States v. Hunter*, 663 F.3d 1136, 1141 (10th Cir. 2011), established the following:  During unrelated drug surveillance, undercover Oklahoma City police officer Scott Whitlock observed three men leave a house and walk toward a car.  He noticed that one of the men, Mr. Gonzales, was walking in a way that suggested he was carrying a gun in his waistband.  When the men reached the car, Officer Whitlock saw Mr. Gonzales remove a pistol from his waistband and place it in the car's trunk.  The three men then drove away. Mr. Gonzales' brother was driving.

Officer Whitlock decided to pursue them and called for assistance from a marked police car.  While following the men, Officer Whitlock observed their car making a right turn without using a turn signal, a traffic violation.  The three men pulled into a gas station.  Shortly thereafter the marked police car arrived.

Officer Whitlock and the officer driving the marked car, Officer Steele, then approached the car.  After acknowledging that he did not have a driver's license, Mr. Gonzales' brother granted Officer Whitlock permission to search the car.  While Officer Whitlock and Mr. Gonzales' brother moved to the rear of the vehicle, Officer Steele observed one of the occupants in the back seat of the car moving in a suspicious way.  He was particularly concerned that one of the men was reaching for a gun or concealing potential evidence.  In response, Officer Steele drew his weapon

and instructed the occupant and Mr. Gonzales to exit the car. Officer Whitlock also drew his weapon. The officers proceeded to handcuff the three men before resuming the search of the car.

During the search, Officer Whitlock found a gun and rounds of ammunition. Meanwhile, a criminal record search revealed that Mr. Gonzales was a convicted felon with an outstanding misdemeanor arrest warrant. He was then taken into custody and eventually charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Before trial, Mr. Gonzales moved to suppress evidence obtained as a result of the search—notably the gun. The district court held an evidentiary hearing and found that the traffic stop and search were valid, and thus denied the motion. Following a jury trial, Mr. Gonzales was convicted of violating § 922(g)(1).

II.    DISCUSSION

Mr. Gonzales contends on appeal, as he did in the district court, that the gun should have been suppressed because it was found as a result of an unlawful traffic stop, arrest, and search of the car. He argues specifically that the officers lacked reasonable suspicion to the make the traffic stop, probable cause to make the arrest, and voluntary consent to search the car. We disagree.

The Fourth Amendment protects citizens from unreasonable searches and seizures by the government. U.S. Const. amend. IV; *see United States v. Chavez,* 660 F.3d 1215, 1222 (10th Cir. 2011). A traffic stop is a seizure under the Fourth

Amendment that must be supported by reasonable suspicion that the person has committed or is about to commit a crime. *Brendlin v. California*, 551 U.S. 249, 255 (2007); *United States v. McGehee*, 672 F.3d 860, 863 (10th Cir. 2012). Reasonable suspicion is measured by an objective standard under which an officer's subjective beliefs or intentions are irrelevant. *See Whren v. United States*, 517 U.S. 806, 813 (1996).

Consent to a police search is a recognized exception to the Fourth Amendment's requirements of both a warrant and probable cause. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). Consent must be "freely and voluntarily given." *United States v. Pena*, 143 F.3d 1363, 1366 (10th Cir. 1998) (internal quotation marks omitted). "Whether a defendant freely and voluntarily gave his consent to a search is a question of fact and is determined from the totality of the circumstances." *Id.* (internal quotation marks omitted). "We review de novo the reasonableness of a search or seizure under the Fourth Amendment." *United States v. Worthon*, 520 F.3d 1173, 1178 (10th Cir. 2008).

Mr. Gonzales challenges the validity of the initial traffic stop, arguing that it was pretextual and that the officer had fully intended to initiate an encounter from the moment he saw Mr. Gonzales walking to the car. But whether Officer Whitlock intended to initiate an encounter prior to observing the traffic violation does not determine whether the encounter was valid. As noted above, "[i]t is . . . irrelevant that the officer may have had other subjective motives for stopping the vehicle."

*United States v. Botero-Ospina*, 71 F.3d 783, 787 (10th Cir. 1995) (en banc). "[A] traffic stop is justified at its inception if it is based on an observed traffic violation." *United States v. Taverna*, 348 F.3d 873, 877 (10th Cir. 2003). We have no reason to question the district court's finding that the stop was valid.

Mr. Gonzales next contends that the initial traffic stop soon became an unlawful arrest when the officers brandished weapons and handcuffed Mr. Gonzales. Because the officers allegedly lacked probable cause at that point, he argues his detainment violated his Fourth Amendment rights and the evidence subsequently discovered should have been suppressed as fruit of the unlawful arrest. However, even assuming the officers acted unreasonably, it had no bearing on the suppression motion because the evidence was not discovered as a result of the alleged arrest. *See United States v. Shareef*, 100 F.3d 1491, 1508 (10th Cir. 1996) ("Because the seizure of the vehicles was not the fruit of the unlawful detention of any of the defendants, the evidence found when those vehicles were searched was not 'fruit of the poisonous tree.'") Rather, the evidence was obtained on account of Mr. Gonzales' brother's consent to a search. And Mr. Gonzales' brother gave Officer Whitlock consent to search before the conduct that Mr. Gonzales asserts constituted an unlawful arrest. The search, not the arrest, led to the discovery of the gun and ammunition.

As to the validity of the search, Mr. Gonzales argues his brother's consent was not given, and if it was given, it was not voluntary. Whether consent was coerced

depends on "whether the officer's conduct constituted a coercive show of authority, such that a reasonable person would believe he was not free to decline the officer's requests or otherwise terminate the encounter." *United States v. Rosborough*, 366 F.3d 1145, 1149 (10th Cir. 2004) (internal quotation marks omitted). But Mr. Gonzales is unable to point to anything in the record that shows his brother believed he was not free to decline the officer's request. Thus, the district court did not err when it found that Mr. Gonzales' brother's consent was voluntary and uncoerced.

The judgment of the district court is affirmed.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge